UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORTHWEST BUILDING COMPONENTS, INC., <br><br> Plaintiff, <br> v. <br><br> PHILIP D. ADAMS, <br><br> Defendant. | Case No. 1:22-cv-00244-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Philip D. Adams's Motion for Award of Attorneys' Fees. Dkt. 44. Plaintiff Northwest Building Components, Inc. has filed an opposition to the motion (Dkt. 47) and Adams has replied (Dkt. 49). The matter is ripe for adjudication.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY the Motion.

## II. BACKGROUND

On March 30, 2022, Plaintiff Northwest Building Components, Inc. ("Northwest") filed its Complaint in the District of Colorado against former employee Defendant Philip

D. Adams.[1] Dkt. 1.

Northwest is in the business of "manufacturing, marketing, selling and distributing trusses; roof, floor and stair components; framing; siding and other building materials and supplies, and providing services with respect thereto." Dkt. 1, ¶ 8.

Adams began his employment with Northwest sometime in October 2004 and was a shareholder from early 2009 through June 1, 2020. *Id*. ¶ 13. On June 1, 2020, Adams entered into a Stock Purchase Agreement whereby Kodiak Building Partners, LLC ("Kodiak") purchased all the issued and outstanding shares of capital stock on Northwest, including Adams's shares. *Id*. ¶ 14. At that time, Northwest also offered Adams the position of general manager, which he accepted. *Id*. ¶ 15. Upon becoming general manager, Adams signed an Employment Agreement, which set forth his salary, benefits, and obligations to maintain confidentiality, as well as a separate Restrictive Covenant Agreement ("RCA"). *Id*. ¶¶ 17–18.

On October 11, 2021, Adams resigned from Northwest. *Id*. at 10. On November 4, 2021, Adams signed a new agreement, the Confidential Severance and Release Agreement ("Severance Agreement"), sent to him in the mail by Northwest. Dkt. 15, at 5. It was Adams's understanding that the Severance Agreement replaced his obligations under the Employment Agreement and RCA. *Id*. Some months later, he began working for one of Northwest's competitors. Dkt. 1, ¶ 44.

Upon learning of Adams's new employment, Northwest filed suit, alleging that

---

[1] Northwest concurrently filed an Emergency Motion for a Temporary Restraining Order (Dkt. 2), a Motion for a Preliminary Injunction (Dkt. 3), and a Motion for Expedited Discovery (Dkt. 5).

MEMORANDUM DECISION AND ORDER - 2

Adams breached the Employment Agreement. *Id*. ¶¶ 49–52. Northwest alleged multiple claims against Adams, including breach of contract, misappropriation of trade secrets under 18 U.S.C. § 1836(b), misappropriation of trade secrets under the Colorado Uniform Trade Secrets Act, conversion, civil theft under C.R.S. § 18-4-405, tortious interference with contract, tortious interference with prospective business advantage, unjust enrichment, unfair competition under 15 U.S.C. § 1125(a)(1)(A), and common law unfair competition. *Id*. ¶¶ 53–116.

On April 11, 2022, Adams filed a Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue, or in the Alternative, Motion to Transfer.[2] Dkt. 15.

The parties' main dispute was over which contract controlled the case, the Employment Agreement and RCA or the Severance Agreement, as each contract contained a different forum selection and choice of law clause dictating where the action could be brought. Dkt. 37, at 3. Northwest argued that the Employment Agreement and RCA controlled, and thus Colorado was the proper forum. *Id*. Adams contended that the Severance Agreement controlled, and therefore Idaho was the proper forum. *Id*.

On May 26, 2022, Judge Christine M. Arguello granted Adams's motion and transferred the case to this Court. *Id*. at 13–14. In relevant part, Judge Arguello found that the Severance Agreement "superseded any and all prior written promises or agreements between the parties." *Id*. at 10. She further determined that the Severance Agreement

---

[2] Adams concurrently filed a Motion to Stay Discovery. Dkt. 24. Judge Christine M. Arguello ordered expedited briefing to address whether jurisdictional discovery was required. Dkt. 25. On April 20, 2022, Judge Arguello granted Adams's Motion to Stay Discovery and further ordered expedited briefing on Adams's motion to dismiss. Dkt. 29.

MEMORANDUM DECISION AND ORDER - 3

"represents the entire agreement of the parties" and completely "extinguished the obligations set forth in the Employment Agreement and RCA." *Id*. at 9, 11.

On June 15, 2022, Northwest filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Dkt. 41.

On June 29, 2022, Adams filed the instant Motion for Award of Attorneys' Fees. Dkt. 44. Northwest filed an opposition to Adams' Motion (Dkt. 47) and Adams has replied (Dkt. 49). The matter is ripe for review.

### III. ANALYSIS

**A. Employment Agreement and RCA vs. Severance Agreement**

Under the "law of the case" doctrine, a court should give deference to the decisions of coordinate courts in the same case. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)); *see also U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). This generally precludes a court from reconsidering an issue that has already been decided.[3] *Alexander*, 106 F.3d at 876.

Here, Judge Arguello determined that the Severance Agreement completely "extinguished the obligations set forth in the Employment Agreement and RCA" and "explicitly superseded all prior written agreements." Dkt. 37, at 9, 11. For the Court to go against Judge Arguello's decision—by finding that the provisions of the Employment

---

[3] A court may have discretion to depart from the law of the case where (1) the first decision was clearly erroneous, (2) an intervening change in the law has occurred, (3) evidence on remand is substantially different, (4) other changed circumstances exist, or (5) manifest injustice would otherwise exist. *Alexander*, 106 F.3d at 876 (citing *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993)). A departure from the law of the case doctrine—absent one of these five circumstances—constitutes an abuse of discretion. *Id*. As none of these five circumstances are present here, the Court declines to depart from the law of the case.

MEMORANDUM DECISION AND ORDER - 4

Agreement and RCA are valid—would be wholly illogical and would violate the law of the case. Thus, Idaho law will apply pursuant to the Severance Agreement. Dkt. 17, ¶ 18.

Adams argues that he may recover attorney fees under the Employment Agreement and RCA regardless of Judge Arguello's decision determining the invalidity of these contracts. Dkt. 44, at 3. To support his argument that he may recover attorney fees under contracts that have been "extinguished" and "superseded by" a subsequent contract (Dkt. 37, at 9), Adams references *Allcapcorp Ltd. v. CHC Consulting LLC*, 2020 WL 4760183 (C.D. Cal. June 18, 2020); *David v. Richman*, 568 So.2d 922 (Fla. 1990); and *Kauffman v. Anchor Bank*, 2015 WL 4458809 (W.D. Wash. July 20, 2015) (Dkt. 49, at 3–4). However, each of these cases are distinguishable from the instant action.

In *Allcapcorp*, the court interpreted a specific statute, California Civil Code § 1717. 2020 WL 4760183, at *2. Not only is this statute inapplicable to the instant action, which is governed by Idaho law, but it would be impossible for Adams to recover attorney fees under this statute as § 1717(2) establishes that there is no prevailing party where the action has been voluntarily dismissed, as is the case here. Cal. Civ. Code § 1717(2). Similarly, *David* is a Florida state court case dealing with Florida state law and is irrelevant here. 568 So.2d at 923. In *Kauffman*, the court held the defendant failed to show why the attorney fees provision should apply to post-foreclosure litigation. 2015 WL 4458809, at *4.[4] *Kauffman* is centered around Washington state law and is also irrelevant here.

---

[4] The quote from *Kauffman* that Adams provided originated from *Kaintz v. PLG, Inc.*, 197 P.3d 710, 712 (Wash. Ct. App. 2008). The *Kauffman* court reasoned that, under *Kaintz*, the defendant did not support his argument on why the "principle of mutual equity" should apply to unilateral attorney fees provisions as opposed to bilateral ones. *Id*.

MEMORANDUM DECISION AND ORDER - 5

Northwest contends that because Adams successfully argued before Judge Arguello that the Severance Agreement superseded the Employment Agreement and RCA, he cannot now claim that he is entitled to attorney fees under these extinguished provisions. Dkt. 44, at 7. On this point, the Court agrees with Northwest. The Ninth Circuit conducted a thorough review of federal and state caselaw regarding a similar of issue of attorney fees and observed, "the principle that emerges from our survey of federal and state case law is that … a party who prevails by demonstrating that a contract is entirely void, as opposed to divisible, voidable, or rescindable, cannot then seek the benefit of an attorneys' fees provision from that contract." *Golden Pisces, Inc. v. Fred Wahl Marine Const., Inc.*, 495 F.3d 1078, 1083 (9th Cir. 2007).[5]

Judge Arguello already determined that the Employment Agreement and RCA were completely extinguished and superseded by the Severance Agreement. Dkt. 37, at 9, 12. It is unclear from the caselaw how courts are to define an "extinguished" or "superseded" contract in accordance with the Ninth Circuit's *Golden Pisces* principle. *Golden Pisces* does not cover the issue of a superseded contract, but the Second Circuit has before defined it in *Health-Chem Corp. v. Baker*: "[t]he word 'supersede' has been defined at various times to mean 'set aside,' 'annul,' 'displace,' 'make void,' and 'repeal.'" 915 F.2d 805, 811 (2d Cir. 1990) (cleaned up). The Second Circuit goes further to say, "[w]hen the parties to a contract enter into a new agreement that expressly supersedes the previous agreement,

---

[5] The Ninth Circuit relies on the definition of a "void contract" from the Restatement (Second) of Contracts § 7 cmt. a (1981) ("[a] promise for breach of which the law neither gives a remedy nor otherwise recognizes a duty of performance by the promisor" and that "such a promise is not a contract at all.")

the previous agreement is extinguished, thereby reducing the remedy for breach to a suit on the new agreement." *Id*. Further, by definition, to extinguish or to supersede a contract is "to terminate or cancel", (*Extinguish*, Black's Law Dictionary (11th ed. 2019)), and "to annul, make void, or repeal by taking the place of," (*Supersede*, Black's Law Dictionary (11th ed. 2019)). These definitions of "superseded" are persuasive to the Court, and accordingly, the Court finds that a superseded contract meets the definition of "void" under *Golden Pisces*.

Notwithstanding the caselaw, the language of the Severance Agreement makes clear that Adams cannot recover attorney fees under the Employment Agreement and RCA. Provisions 3(a) and 3(b) of the Severance Agreement contain a general release, in which Adams agreed to release Northwest from "any and all claims, actions, liabilities, demands, rights, damages, costs, expenses, and attorney's fees (including . . . any claim of entitlement for attorney's fees under any contract, statute or rule of law allowing a prevailing party or plaintiff to recover attorney's fees) . . .." Dkt. 17, ¶ 3.

Because the Severance Agreement supersedes the previous contracts and has a provision that releases Northwest from attorney fees, the Court finds that the previous attorney fees provision is extinguished and void. Thus, Adams cannot recover attorney fees under the Employment Agreement and RCA, and the Severance Agreement fully controls here.

### B. Rule 54(d) and Idaho Code § 12-121

Federal Rule of Civil Procedure 54(d) requires that a claim for attorney fees must be made by motion no later than 14 days after the entry of judgment, and must specify the

MEMORANDUM DECISION AND ORDER - 7

statute, rule, or other grounds that entitle the movant to the award. Fed. R. Civ. P. 54(d)(2)(B). Under Idaho law, Adams's alternative to an award of attorney fees under contract is an award under Idaho Code § 12-121.[6] Idaho Rule of Civil Procedure 54(e)(1)–(2). Pursuant to Local Rule 54.2, "claims for attorney fees will be treated as routine items of cost, [and] will only be allowed upon an order of a judge of the Court after such fact-finding process as the judge orders." Dist. Idaho Loc. Civ. R. 54.2. Idaho Code § 12-121 provides that an award of attorney fees may be granted to the prevailing party when the case was brought, pursued, or defended frivolously, unreasonably or without foundation. Idaho Code § 12-121.

### 1. Prevailing Party

Adams argues that he is the prevailing party because he successfully argued that venue was improper in Colorado and thereby succeeded on every contested issue in the Colorado litigation. Dkt. 49, at 6.[7] Northwest contends that only the issue of venue was decided in the Colorado litigation and since Northwest subsequently withdrew its complaint, there is no prevailing party. Dkt. 47, at 8–9.

In determining the prevailing party, the court must, "in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective

---

[6] The Severance Agreement contains a choice of law and venue clause which establishes that the agreement "shall be construed and interpreted in accordance with the laws of the State of Idaho, without regard to its conflicts of laws rules." Dkt. 17 ¶ 18. The plain language of the text makes clear that Idaho law governs the contract and the instant action.

[7] Adams references several cases from the Tenth Circuit that suggest that the party who prevails on a motion to transfer may be considered a "prevailing party" for the purposes of awarding attorney fees under Colorado law. Dkt. 49. However, Colorado law is not at issue in this instance and the Court is only bound by precedent from the Ninth Circuit. *Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994).

MEMORANDUM DECISION AND ORDER - 8

parties." Idaho Rule of Civil Procedure 54(d)(1)(B). This result of the instant action was termination upon Northwest's filing of a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), effectuating a dismissal without prejudice. Dkt. 41.

Generally, for there to be a prevailing party, there must be a decision on the merits of the lawsuit and a final judgment. *Straub v. Smith*, 175 P.3d 754, 761 (Idaho 2007) (Jones, J., Horton, J., Eismann, J., concurring). While a dismissal with prejudice is considered an adjudication on the merits of the claim, a dismissal without prejudice does not have the same effect. *Scott v. Agric. Prods. Corp., Inc.*, 627 P.2d 326, 330 (Idaho 1981). For purposes of Idaho Code § 12-121, there is no prevailing party when the action has been voluntarily dismissed or dismissed without prejudice. *Kugler v. Bohus*, 2009 WL 2986748 *5; *see also Puckett v. Verska*, 158 P.3d 937, 946 (Idaho 2007) (upholding the district court's denial of attorney fees where no final judgment was entered because the plaintiff voluntarily dismissed her claim).

The Court does not find that Adams is a prevailing party in this action and therefore cannot award Adams attorney fees under Idaho Code § 12-121.

### 2. Frivolousness of the Action

Adams's recovery of attorney fees is further barred under Idaho Code § 12-121 because there is nothing in the record to indicate that Northwest brought, pursued, or defended the action frivolously, unreasonably, or without foundation. Idaho Code § 12-121. Northwest commenced litigation in Colorado on the strength of a genuine dispute as to which contract governed. For purposes of section 12-121, "if there is at least one legitimate issue presented, attorney fees may not be awarded" even if other factual or legal

claims have been asserted that are frivolous, unreasonable, or without foundation. *Michalk v. Michalk*, 220 P.3d 580, 591 (Idaho 2009). "[W]hen a party pursues an action which contains fairly debatable issues, the action is not considered to be frivolous and without foundation." *Garner v. Povey*, 259 P.3d 608, 614 (Idaho 2011) (quoting *C & G, Inc. v. Rule*, 25 P.3d 76, 82 (Idaho 2001)).

The Court does not find that Northwest brought, pursued, or defended the action frivolously, unreasonably, or without foundation, and therefore cannot award Adams attorney fees under Idaho Code § 12-121.

### 3. Reasonableness of the Fee Award

Although the Court does not find it prudent to award Adams attorney fees, the Court will nevertheless address the reasonableness of the requested fee award.

Courts within the Ninth Circuit apply the "lodestar" approach to determine the fee award amount.[8] *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1158 (2018). The lodestar amount is "calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* at 1160 (cleaned up). A reasonable rate is the rate that will "compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Id.* at 1158. The relevant community is that of the forum district.

---

[8] As indicated by Northwest in its reply (Dkt. 47, at 10), the "presumptively reasonable lodestar figure" may be adjusted based on twelve factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Because the Court does not find an award of fees appropriate, a discussion of each of these factors is unnecessary.

MEMORANDUM DECISION AND ORDER - 10

*Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). The moving party bears the burden of establishing the reasonableness of the hours claimed, and the party must carry that burden by submitting adequate documentation of those hours. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

Adams seeks attorney fees in the amount of $73,918 plus any fees incurred in connection with this motion. Dkt. 44, at 4. Adams calculated this amount by multiplying the total number of hours spent on the case, 173.8[9], by the average hourly billing rates for business and corporate litigation attorneys practicing in Portland, Oregon[10], adjusted for inflation. Dkt. 45, at 2. The method by which Adams adjusted for inflation was to multiply the 2016 hourly rates by the Federal Bureau of Labor Statistics' reported consumer price index for urban consumers for the last three months and then divide the resulting product by the consumer price index for 2016. *Id*.

Northwest disputes the reasonableness of the fee award on two main grounds. Dkt. 44, at 10, 11. First, the fee award is unreasonable because Adams did not make his calculations using the lodestar approach. Second, even if fees are awarded, they should be reduced based on limited success, the nature of the work performed, and overstaffing. *Id*. at 10–13. Northwest further argues that fees should only be awarded only for the work related to the contract claim and not for the entirety of the litigation. *Id*. at 11.

---

[9] Adams has submitted a Declaration of Will T. Gent in Support of Defendant's Motion for an Award of Attorneys' Fees detailing the attorneys who worked on the case, their level of experience, the number of hours each worked, and the rate charged. Dkt. 45, at 1–6. The rates of six total attorneys working on the case (four of whom are partners) range from $295 to $500. Dkt. 44, at 9.

[10] Adams obtained these numbers from the 2017 Oregon State Bar Economic Survey, which reflects billing rates from 2016. Dkt. 45, at 2.

MEMORANDUM DECISION AND ORDER - 11

The Court agrees that a fee award in the amount of $73,918 is unreasonable. First, Adams incorrectly based his calculations on rates for Portland, Oregon. Using the *Lodestar* method, the relevant community on which he *should* have based his calculations is Boise, Idaho, where the forum district is located. *Prison Legal News*, 608 F.3d at 454. Second, Adams incorrectly adjusted the rates for inflation (Dkt. 45, at 2), which is also not part of the *Lodestar* method. *Vogel*, 893 F.3d at 1158. Third, Northwest voluntarily dismissed the action, effectively stopping further litigation and any continuation in the accrual of legal fees. *Santa Rosa Memorial Hospital v. Kent*, 688 Fed. Appx. 492, 494 (9th Cir. 2017) (finding the district court did not abuse its discretion in declining to award attorney fees following a voluntary dismissal).[11] Even if the Court had found it prudent to award Adams attorney fees, an award in the amount of $73,918 is unreasonable, and would have been reduced accordingly.

## IV. CONCLUSION

In sum, the Court does not find it appropriate to award Adams attorney fees under the Employment Agreement and RCA as the Severance Agreement superseded and extinguished the "prevailing party" provisions in those contracts. The Court also finds that Adams cannot recover attorney fees under Idaho Code § 12-121 as he is not considered a

---

[11] The Ninth Circuit lists several factors that courts generally consider when determining whether to award costs or attorney fees to a defendant after a voluntary dismissal without prejudice. *Id*. Among these are: (1) any excessive and duplicative expense of a second litigation, (2) the effort and expense incurred by a defendant in preparing for trial, (3) the extent to which the litigation progressed, (4) the plaintiff's diligence in moving to dismiss, and (5) the merits of the plaintiff's case. *Id*. These factors weigh in favor of Northwest as there was a genuine conflict as to which contract governed, and it acted diligently in promptly dismissing the action upon finding that the Employment Agreement and RCA (upon which they based most of their claims) had been extinguished by the Severance Agreement and transfer to this Court.

"prevailing party" due to Northwest's voluntary dismissal of the action, and because Northwest did not bring or defend the action frivolously or unreasonably. Adams's recovery of attorney fees is further barred by the unreasonableness of a fee award amounting to $73,918.

## V. ORDER

**IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion for Award of Attorneys' Fees (Dkt. 44) be **DENIED**.

DATED: July 18, 2023

_____
David C. Nye
Chief U.S. District Court Judge